IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: **)** | |
| **)** | |
| TOMMY LORNE COUNTS, **)** | CASE NO. 21-81208-CRJ-7 |
| SSN: XXX-XX-0023 **)** | |
| **)** | CHAPTER 7 |
| Debtor. **)** | |

## OBJECTION TO NUTRIEN AG SOLUTIONS, INC.'S
## PROOFS OF CLAIM

When a creditor dismisses a lawsuit *with* prejudice, that strips that creditor of the chance to ever pursue those claims again. *Res judicata* stops it. Yet creditor Nutrien AG Solutions, Inc. ("Nutrien") does want another chance. It previously sued Debtor for not paying for goods sold, Debtor filed bankruptcy, Nutrien filed proofs of claim here for the same goods sold, and then the parties stipulated to dismiss that pre-petition suit *with* prejudice. Whatever the reason for that with-prejudice dismissal, there is no second chance. *Res judicata* makes those claims unenforceable in this bankruptcy case. 11 U.S.C. § 502(b)(1). This Court should not allow them.

### BACKGROUND

On July 24, 2020, Nutrien sued the Debtor, his brother, and the family farm in federal court, asserting five claims, all related to the defendants failing to pay two accounts (#s 2979 and 9084) for goods used in the family's farming operation. (Ex. 1, Nutrien Compl., ¶¶8, 11, 18, 20, 22, 28, 32; Ex. 2, 2979 Contract; Ex. 3, 9084 Contract.) For Account #2979, Nutrien sought $1,035.298.09, and for #9084, $59,772.27. (*Id.*)

About a year later, July 9, 2021, Debtor filed Chapter 12 bankruptcy (this case), eventually converted to a Chapter 7. That September, Nutrien filed two proofs of claim to collect the same two outstanding accounts that the non-bankruptcy case was based on—2979 and 9084. (Claim 8-1, at 2, 4-5, 7 (account 2979); Claim 9-1, at 2, 4-5 (account 9084). This time, with late fees and interest, Nutrien seeks $1,182,741.25 for Account #2979, and $62,472.87 for #9084. (Claim 8-1,

at 2; Claim 9-1, at 2.) But still, these are the same contracts as before. (*Compare* 2979 Contract & 9084 Contract, *with* Claim 8-1, at 7-8, and Claim 9-1, at 7.)

Then, on October 14, 2022, in the pre-petition case Nutrien and the pre-petition defendants, including Debtor, "jointly stipulate[d] that all claims in [that first case] case [we]re due to be dismissed with prejudice." (Ex. 4, Joint Stip.) After "consideration of the parties' joint stipulation of dismissal," that court dismissed the first case "with prejudice." (Ex. 5, Dkt. Order, 4.)

## ARGUMENT

Out the gate, Debtor has standing to bring this challenge to Nutrien's million-dollar claims because, after striking them, this bankruptcy case will end with a surplus going back to Debtor. And striking them proves straightforward: Nutrien sabotaged its own proofs of claim by dismissing the exact same claims *with* prejudice in the prior state-court case.

A. **Debtor has standing to challenge Nutrien's proofs of claim because, without them, a surplus results.**

Just because this is a Chapter 7 case, with its own trustee, does not tie Debtor's hands from objecting to Nutrien's dead claim. Rather, Debtor has statutory standing by definition, and the reasonable possibility of a surplus ensures his Article III standing.

***Statutory Standing.*** First off, claims can be objected to by any "party in interest," 11 U.S.C. § 502(a), which literally "is defined as 'the debtor,'" *In re Woide*, 730 F. App'x 731, 734 (11th Cir. 2018) (quoting 11 U.S.C. § 1109(b)). Despite that definition coming from Chapter 11, the Eleventh Circuit has held that the definition also applies in Chapter 7 cases. *Id.* (citing *In re Westwood Community Two Ass'n, Inc.*, 293 F.3d 1332, 1337 (11th Cir. 2002)); *In re Rodriguez*, 633 F. App'x 524, 526 (11th Cir. 2015). So, by definition, Debtor has statutory standing.

***Constitutional Standing.*** Second, Debtor has constitutional standing, because the surplus resulting from disallowing Nutrien's claims would block Debtor's imminent, concrete, and particularized injury in fact. *W.V. ex rel. Morrisey v. U.S. Dep't of the Treasury*, 59 F.4th 1124, 1135 (11th Cir. 2023) (quotations omitted). A debtor faces that kind of injury when disallowing the challenged claim would create a "reasonable possibility" of a surplus distribution back to

2

the debtor. *White-Lett v. NewRez, Inc.*, 661 B.R. 63, 84 (N.D. Ga. 2024), *appeal dismissed sub nom. In re White-Lett*, No. 24-11736, 2024 WL 4665422 (11th Cir. Nov. 4, 2024); *In re Mohr*, 538 B.R. 882, 885 (Bankr. S.D. Ga. 2015); *In re McKeever*, 588 B.R. 649, 653 (Bankr. N.D. Ga. 2018). Of course, a debtor "only becomes entitled to a distribution when all other claims are paid in full" per the scheme in 11 U.S.C. § 726. *In re Air Safety Int'l, L.C.*, 336 B.R. 843, 856 (S.D. Fla. 2005). But to consider whether that distribution is "reasonably likely" to occur, courts "may look to Debtor's schedules and the claims register." *Mohr*, 538 B.R. at 885 (citing *In re Curry,* 409 B.R. 831, 838-39 (Bankr.N.D.Tex.2009)).

When considering the schedules and claims register here, the surplus jumps out. To date, the claims in the register (excluding Nutrien's $1.2 million claims) equals $266,297.51. And Debtor's estate assets sit at $319,022. That leaves $52,724.49, which Nutrien's claims would wipe out. Even with $40,000 between administrative expenses and attorney's fees, that would still leave the "reasonable possibility" of a $12,724.49 surplus—an injury-in-fact by any measure. *White-Lett*, 661 B.R. at 84.

With Debtor having both statutory and constitutional standing, he has every right to bring this objection.

**B.    Having previously dismissed with prejudice the same claims against Debtor, *res judicata* stops Nutrien from having a second chance here.**

*Res judicata* blocks Nutrien's proofs of claim here. For the doctrine to apply requires that a prior judgment (1) "was rendered by a court of competent jurisdiction"; (2) "involved the same parties or their privies"; (3) "involved the same causes of action"; and (4) "was final." *Milner v. Baptist Health Montgomery*, 132 F.4th 1354, 1357 (11th Cir. 2025) (quotations omitted). Each applies, stopping Nutrien from undermining *res judicata*'s basic purpose—"to provide finality and conserve resources." *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011).

*First,* Nutrien's complaint itself alleged that the federal court had diversity jurisdiction over the first case—undisputed. (Nutrien Compl., ¶5; Ex. 6, Counts Ans., ¶5.) *Second*, that case involved the same parties, with Nutrien having sued Debtor there. (Nutrien Compl., ¶¶2-4.) *Third*,

3

the claims in the first case and this one involve the same "substance," both "based upon the same factual predicate" of Debtor not paying for the same goods Nutrien sold her. *Milner*, 132 F.4th at 1360 (quotations omitted). Despite the amounts on each account being slightly higher here than alleged in the first case, make no mistake: Claim 8-1 seeks to collect the same account (#2979) on the same contract as before. (*Compare* Claim 8-1, at 4-8, *with* 2979 Contract.) The same goes for Claim 9-1, seeking the same account (#9084) on the same prior contract. (*Compare* Claim 9-1, at 4-7, *with* 9084 Contract.) And *fourth*, that prior judgment is final, with the time to appeal long passed. (Dkt. Order, 3.) This is all basic *res judicata*.

The one twist here is that the prior judgment came from the parties' own stipulation to a with-prejudice dismissal. No matter. A prior stipulation of dismissal with prejudice "has a *res judicata* effect," with that effect's extent "controlled by the [s]ettlement [a]greement into which the parties entered." *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) (quotations omitted). While courts should "effectuate the parties' intent," the "settlement agreement itself" acts as "[t]he best evidence of that intent." *Id.* at 1289. And when "the plain meaning of an agreement is clear," courts literally cannot go "beyond the four corners of the document to look for additional evidence of the drafters' intentions." *Id.* at 1290.

For example, in a Florida bankruptcy case, *res judicata* stopped a debtor from filing bankruptcy at all, precluded by a joint, with-prejudice dismissal that clearly stipulated the debtor would not file bankruptcy within five years (which he did anyways). *In re Brose*, 242 B.R. 531, 533 (Bankr. M.D. Fla. 1999). Contrast that with when the Ninth Circuit held that a creditor's pre-petition voluntary dismissal of a prior state-court case *without* prejudice meant it could still file a proof of claim in the debtor's bankruptcy case—no prejudice meant no *res judicata*. *In re R&S St. Rose Lenders, LLC*, 748 F. Appx' 753, 755 (9th Cir. 2018).

The stipulation here "is clear" and unequivocal, *Norfolk*, 371 F.3d at 1290: The parties "jointly stipulate[d] that all claims in th[e] case [we]re due to be dismissed with prejudice." (Joint Stip.) Nor does the Court's order add qualifications: "Upon consideration of the parties' joint stipulation of dismissal, which complies with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), it is

4

**ORDERED** that this case is **DISMISSED** with prejudice." (Dkt. Order.) With that plain language, this voluntary dismissal with prejudice acts as a judgment, meaning *res judicata* stops Nutrien from filing its proofs of claim here.

## CONCLUSION

In a prior suit, Nutrien brought the same claims as here and then agreed to dismissed them *with* prejudice, a judgment that brings Nutrien's proofs of claim here to a halt. Basic *res judicata* applies, meaning this Court should disallow Nutrien's two proofs of claim.

Respectfully submitted this the 15th day of July 2025.

/s/ *Stuart M. Maples*
STUART M. MAPLES (ASB-1974-S69S)
Thompson Burton PLLC
200 Clinton Ave. West, Ste. 1000
Huntsville, Alabama 35801
(256) 489-9779
smaples@thompsonburton.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I served a copy of the foregoing on the parties listed below by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U.S. Mail, postage prepaid.

Melissa W. Mitchell, Trustee, via CM/ECF electronic service trustee@melissalegal.com

William M. Hancock, Esq., via CM/ECF electronic service bankruptcy@wjb-law.com

/s/ *Stuart M. Maples*
STUART M. MAPLES